IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
GREENBELT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cv-3817 |
| | ) | |
| JAMES M. UNTERREINER II, | ) | |
| 11702 Whittier Road | ) | |
| Mitchellville, Maryland 20721 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, the United States of America, alleges against Defendant, James M. Unterreiner II ("Unterreiner"), as follows:

1. This is a civil action brought by the United States under 26 U.S.C. §§ 7402(a), 7407, and 7408 to enjoin Unterreiner from directly or indirectly:

   (a) Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than himself and his legal spouse;

   (b) Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return;

   (c) Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6700, and 6701, or any other penalty provision in the Internal Revenue Code;

   (d) Representing, or appearing on behalf of, any person before the Internal Revenue Service; and

   (e) Otherwise engaging in any conduct that substantially interferes with the proper administration and enforcement of the Internal Revenue laws.

## JURISDICTION AND VENUE

2. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General, pursuant to the provisions of 26 U.S.C. §§ 7402(a), 7407, and 7408.

3. Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## JAMES M. UNTERREINER II

5. Unterreiner resides in Mitchellville, Maryland, within this judicial district.

6. Unterreiner conducted his tax return preparation activities through Tax Resolutions, Inc. ("Tax Resolutions"), a Maryland corporation located in Laurel, Maryland. As a result, a substantial part of the events or omissions giving rise to the United States' claim occurred within this judicial district.

## UNTERREINER'S ACTIVITIES

7. From 2002 until 2003, Unterreiner worked for Irvin H. Catlett Jr. ("Catlett"), the owner of Tax Resolutions, where Unterreiner assisted Catlett and others in marketing and executing a tax evasion scheme whereby Tax Resolutions's clients purchased purported investments in various sham companies such as Motors Holding Company, Inc., Motors Holding Company II, Motors Holding Company III, Motors

2

Holding Company IV, Motors Holding Company V, Motors Holding Company VI, Inc. and Rentown, Inc., ("the tax shelter entities"). The "investments" were, in fact, payments for the purchase of bogus tax losses.

8.   Unterreiner knowingly prepared, and assisted in the preparation of, false and fraudulent federal tax returns which reported fictitious business losses attributed to the tax shelter entities to which the corresponding taxpayers were not legally entitled. The false and fraudulent federal tax returns prepared by Unterreiner included Individual Income Tax Returns (Form 1040), Corporation Income Tax Returns (Form 1120), and Schedules K-1 (Form 1065).

9.   When preparing federal tax returns, Unterreiner would prepare certain returns "backwards," that is, by first determining each client's ultimate tax liability and then adding to the return a fictitious loss from a tax shelter entity large enough to offset the client's tax liability.

10.   Unterreiner knowingly prepared false and fraudulent federal returns, communicated with Tax Resolutions's clients, forged Catlett's name on federal tax returns, and further perpetuated the tax avoidance scheme described above after Catlett was incarcerated in late 2002.

## HARM CAUSED BY UNTERREINER

11. Unterreiner's conduct harms the United States because the clients of Tax Resolutions underreported their correct tax liabilities, thereby depriving the United States of its lawful tax revenues.

12. Unterreiner's scheme ultimately resulted in the filing of more than 200 false and fraudulent federal tax returns, which resulted in a tax loss to the United States in excess of $3,000,000.

13. The taxpayer clients of Tax Resolutions have been harmed because the tax returns Unterreiner prepared for them substantially understated their correct tax liabilities. As a result, many customers now face large income tax deficiencies, including sizeable penalties and interest.

14. Unterreiner's actions also harm the United States because the Internal Revenue Service must devote a portion of its limited resources to identifying Tax Resolutions's clients, ascertaining their correct tax liabilities, recovering any refunds erroneously issued, and collecting any additional taxes and penalties.

15. Unterreiner's activities also undermine public confidence in the administration of the federal tax system and encourage noncompliance with tax laws.

## PLEA AGREEMENT

16. On April 8, 2010, Unterreiner pled guilty in *United States v. Catlett, Jr. et al.*, 8:10-cr-00101-RWT-4 (D. Md. 2011), to one felony count of conspiracy to defraud the

United States for his involvement with the tax evasion scheme described above in paragraphs 7 through 10. Unterreiner was sentenced 9 months of home detention, 3 years of probation, and ordered to pay restitution of $369,264.

## COUNT I
### Injunction Under 26 U.S.C. § 7407 for Conduct Subject to Penalty Under 26 U.S.C. §§ 6694 and 6695

17. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16.

18. Under section 7407 of the Internal Revenue Code (26 U.S.C. § 7407), Congress has authorized the United States to seek an injunction against any tax preparer who, among other things, has engaged in any conduct subject to penalty under Code sections 6694 or 6695.

19. If a return preparer's conduct is continual and/or repeated and the court finds that a narrower injunction (i.e., prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from acting as a return preparer.

20. Section 6694(b) of the Code penalizes a tax return preparer who prepares a return or claim for refund with respect to which any part of an understatement of liability is due to:

    a.    a willful attempt to understate the liability for tax on the return or claim or

    b.    a reckless or intentional disregard of rules or regulations.

21.     Paragraphs 7 through 10, above, demonstrate the willful efforts by Unterreiner to understate his customers' proper tax liabilities.  It also shows his intentional disregard of Treasury rules and regulations.

22.     Injunctive relief is necessary to prevent this continued misconduct because, absent an injunction, Unterreiner is likely to continue preparing federal tax returns for customers, thus enabling them to receive larger refunds than those to which they are legitimately entitled.  Penalties and other administrative measures are insufficient to deter his conduct.

23.     Unterreiner should be permanently enjoined under 26 U.S.C. § 7407 from acting as an income tax preparer because a more limited injunction would be insufficient to stop his interference with the proper administration of the tax laws.

## COUNT II
### Injunction Under 26 U.S.C. § 7408 for Conduct
### Subject to Penalty Under 26 U.S.C. §§ 6700 and 6701

24.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 23.

25.     Section 7408 of the Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. §§ 6700 and 6701 if injunctive relief is appropriate to prevent recurrence of such conduct.

26.     Section 6700 of the Code penalizes any person who organizes or sells a plan or arrangement, and in connection therewith, makes or furnishes, or causes

another person to make or furnish, a statement regarding the securing of a tax benefit that the person knows or has reason to know is false or fraudulent as to any material matter.

27. Through his promotion of the tax-fraud schemes described in paragraphs 7 through 10, above, Unterreiner made and furnished material false or fraudulent statements regarding the allowability of certain deductions, the excludability of income, and the securing of tax benefits derived from participation in the schemes. Unterreiner knew or had reason to know that these statements were false or fraudulent within the meaning of Code section 6700.

28. Section 6701(a) of the Code penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it will result in an understatement of another person's tax liability.

29. Unterreiner prepared tax returns claiming bogus deductions for customers which they were not legitimately entitled, knowing that it would result in his customers understating their federal tax liabilities.

30. If the Court does not enjoin Unterreiner, he is likely to continue to engage in conduct subject to penalty under Code sections 6700 and 6701. Injunctive relief is therefore appropriate under Code section 7408.

## COUNT III
### Injunction Under 26 U.S.C § 7402(a)
### Necessary to Enforce the Internal Revenue Laws

31. Plaintiff incorporates by reference the allegations in paragraphs 1 through 30.

32. Section 7402(a) of the Code authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

33. Unterreiner, through the actions described in paragraphs 7 through 10, above, has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

34. Unless enjoined, Unterreiner is likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws. If Unterreiner is not enjoined from engaging in fraudulent and deceptive conduct, the United States will suffer irreparable injury by wrongfully issuing federal income tax refunds to individuals not entitled to receive them.

35. Enjoining Unterreiner is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Unterreiner's illegal conduct and the harm it causes the United States and its citizens.

36. The Court should impose injunctive relief under 26 U.S.C. § 7402(a).

WHEREFORE, the United States of America prays for the following:

A. That the Court find that Unterreiner has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695, and has continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the administration of the tax laws, and that a narrower injunction prohibiting him from engaging in only this specific misconduct would be insufficient;

B. That the Court, pursuant to 26 U.S.C. § 7407, enter a permanent injunction prohibiting Unterreiner from acting as a federal tax return preparer;

C. That the Court find that Unterreiner has engaged in conduct subject to a penalty under 26 U.S.C. §§ 6700 and 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent a recurrence of that conduct;

D. That the Court find that Unterreiner has engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is

9

appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a);

      E.      That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting Unterreiner, and all those in active concert or participation with Unterreiner, from:

    (a)    Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than himself and his legal spouse;

    (b)    Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return;

    (c)    Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6700, 6701 or any other penalty provision in the Internal Revenue Code;

    (d)    Representing, or appearing on behalf of, any person before the Internal Revenue Service; and

    (e)    Otherwise engaging in any conduct that substantially interferes with the proper administration and enforcement of the Internal Revenue laws.

      F.      That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter an order requiring Unterreiner to contact, within 30 days of the Court's order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom he prepared, or assisted in preparing, federal tax returns to inform them of the permanent injunction entered against him;

  G. That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter an order requiring Unterreiner to produce to counsel for the United States, within 30 days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s), all persons for whom he prepared, or assisted in preparing, federal tax returns;

  H. That the Court retain jurisdiction over Unterreiner and over this action to enforce the terms of any permanent injunction entered against him;

  I. That the United States be entitled to conduct discovery to monitor Unterreiner's compliance with the terms of any permanent injunction entered against him; and

  J. That the Court grant the United States such other and further relief, including costs, as is just and reasonable.


//


//


//


//

Dated: December 31, 2012          KATHRYN KENEALLY
Assistant Attorney General, Tax Division

/s/ Andrew C. Strelka
ANDREW C. STRELKA
NY BAR # 4821633
CT BAR # 429501
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Fax: (202) 514-6866
Telephone:     (202) 616-8994
Email:         andrew.c.strelka@usdoj.gov

OF COUNSEL:
ROD J. ROSENSTEIN
United States Attorney